EMILY J. KAUFMAN, ET AL., *v.* JEREMIAH LANDERS, ET AL.

**Widow's Dower—Pleading by Widow's Grantee.**

>     Before a grantee of a widow's dower can be subrogated to the rights
> of the widow, he must set up in his pleading that dower has not been
> assigned her out of her husband's estate, and ask to be substituted to
> her rights. He must plead facts showing that she was entitled to
> dower.

### APPEAL FROM MARION CIRCUIT COURT.

#### June 13, 1877.

OPINION BY JUDGE COFER:

In 1861, Jeremiah Landers bought the land in contest of Cooper
and went to reside on it with his family. He continued to reside on
it until his death in 1862, and his widow and children continued in
possession until in 1864, when, having received a deed from Cooper
conveying the land to her, she sold and conveyed it to Newton, who
sold and conveyed it to Short. This suit was brought by the heirs at
law of Landers to recover the land, and a judgment having been
rendered in their favor this appeal is prosecuted from that judgment.

The evidence shows that a part of the purchase money was paid
by Landers during his lifetime, and that the residue was paid by his
widow after his death. Two grounds are relied upon for a reversal:
1st, That Mrs. Landers was entitled to dower in the land and that
that right passed to her vendee, and therefore he should not have
been turned out of possession of the whole tract. 2d, That the
widow, having paid a part of the purchase money, was entitled to a
lien therefor on the land, and that Short is entitled, as her remote
vendee, to be subrogated to her rights.

If Mrs. Landers was entitled to dower and has not had dower
allotted to her elsewhere, and has not forfeited her right, the appel-
lant Short might, by appropriate pleading, have been substituted to
her right in that respect. But there was no allegation in the plead-
ings that dower had not been assigned her, nor prayer to be sub-
stituted to her rights. This court cannot know that the land in con-
test was all the land owned by her husband, and that she has not had
dower assigned her out of his whole estate in other lands. If Short
desired to claim her dower interest he should have set up facts
showing that she was entitled to dower, and have thus presented to
the plaintiffs an issue on that subject. Having failed to do so we
cannot relieve him.

What has been said in regard to the supposed dower interest of

Mrs. Landers may be said with regard to the alleged payment of purchase money by her. The facts should have been pleaded that proper issues might be made up. Proof of payments by her cannot, on the issue as made by the pleadings, be of any avail to the appellants.

Judgment *affirmed*.

*Rountree & Belden, for appellants. C. S. Hill, for appellees.*